IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADAM LEE MCREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:23CV405 |
| | ) |
| CAPTAIN FLINT, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious a flaw makes it impossible to further process the Complaint. The problem is:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* form but did not use the form approved for use by this Court and, therefore, did not provide key information such as the balance and total amount of deposits into his prison trust account.

In addition, Plaintiff has filed Motions to Amend the Complaint [Doc. #5, #6, #7], adding additional claims and defendants, but Plaintiff has not submitted an Amended Complaint on the proper forms that includes all of the claims and parties he seeks to include. In a later filing, Plaintiff requests copies of the forms for filing a § 1983 suit in this Court and the forms for proceeding without payment of fees. Consequently, the

Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

The Court also notes that portions of Plaintiff's Complaint are not clear. For instance, he names an Assistant District Attorney in Moore County, Andrew C. Cochran, as a Defendant but his only allegation is that Defendant Cochran filed a form to transfer him from federal custody to state custody so that he could face pending state criminal charges. This is not a violation of Plaintiff's federal constitutional or statutory rights. The Complaint alleges that certain representations made on the form were later not followed by other Defendants, but this does not implicate Defendant Cochran. It is not clear how Plaintiff believes Defendant Cochran violated his rights. Further, Plaintiff should be aware that prosecutors are ordinarily immune from suits for damages for their actions in prosecuting a criminal case. Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

Also, at times in the Complaint and the Motions to Amend, Plaintiff makes allegations that conditions in the facility where he was housed led to an improper conviction on the state charges. This appears to be an attack on his state court conviction. He should be aware that he cannot raise claims in an action under § 1983 that necessarily call a criminal conviction into question, unless that conviction has been first reversed on direct appeal, declared invalid by a state tribunal, or vacated on a habeas petition. Heck v.

Humphrey, 512 U.S. 477 (1994). If Plaintiff intends to bring a Petition for Writ of Habeas Corpus challenging a state conviction, he should use the forms for filing a Petition under 28 U.S.C. § 2254 after exhausting his state remedies.

Finally, Plaintiff attempts to add claims from 2017 and 2018 that he acknowledges are barred by the statute of limitations. Such claims would be subject the dismissal at screening.

The Court can consider these issues further if Plaintiff re-files his claims on the proper forms and clarifies the claims and the defendants.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that the Motions to Amend [Doc. #5, #6, #7] are denied without prejudice, and *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, 30th day of October, 2023.

                                              /s/ Joi Elizabeth Peake
                                             United States Magistrate Judge